No. 87–129. ST. LOUIS SOUTHWESTERN RAILWAY CO. *v.* BROTHERHOOD OF RAILWAY, AIRLINE & STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS & STATION EMPLOYEES. C. A. 5th Cir. Certiorari denied. 

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

This case presents the question whether under the Railway Labor Act an arbitrator exceeds the scope of his or her jurisdiction by awarding, without explicit authorization in the collective-bargaining agreement, pure penalty pay. See 45 U. S. C. § 153, First (q). "Pure penalty pay" is a monetary penalty assessed for breach of the collective-bargaining agreement when there is no showing of compensatory loss from the breach. In the present case, the arbitrator found that petitioner violated the collective-bargaining agreement by contracting out work to nonunion members. The arbitrator also found that the named union employees failed to prove damages to support a compensatory award and that no provision of the agreement explicitly authorized the award of penalty pay but that penalty pay was supported by past practices in the railroad industry and of these parties. The District Court affirmed this award of pure penalty pay and the Fifth Circuit af-

firmed that decision in an unpublished memorandum. Judgt. order reported at 820 F. 2d 1222 (1987). This case conflicts with *Norfolk & Western R. Co.* v. *Brotherhood of Railway, Airline & Steamship Clerks*, 657 F. 2d 596 (CA4 1981), which held that pure penalty pay cannot be awarded, absent explicit contractual authorization. I would grant certiorari to resolve the conflict in the Courts of Appeals over this important question of federal law, particularly since these rulings could easily result in the same collective-bargaining contract, or identical ones, being interpreted in different ways in different circuits.